13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re John Eugene CHAVEZ and Joan Marie Sloan, Debtors.
Joan Marie SLOAN, Appellant,
v.
Albrecht HOFFMAN, Trustee, Appellee.
 No. 93-1263.
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 
 1
 Debtor Joan Marie Sloan, appearing pro se, appeals the district court's order affirming the bankruptcy court's award of fees to the trustee and his counsel. She alleges that: (1)the bankruptcy trustee and his counsel were not entitled to receive payment for their services to the estate because of substantial abuses committed by the trustee and his counsel, and (2) the bankruptcy court abused its discretion by permitting the trustee on appeal to retain estate monies in a non-interest-bearing account. We have jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 2
 The record before us reflects that the trustee and his counsel acted reasonably in light of the information Debtor made available to them. See In re Melenyzer, 140 B.R. 143, 155 (Bankr.W.D. Tex.1992). Therefore, we hold that the bankruptcy court's fee award was not an abuse of discretion.
 
 
 3
 With regard to monies held in a non-interest-bearing account to cover the administrative expenses pending this appeal, it is within the trustee's discretion whether to place funds in an interest-bearing account as long as funds do not remain idle for a long period of time. In re E.F. Hutton Southwest Properties II, Ltd., 953 F.2d 963, 974 (5th Cir.1992); In re J & J Record Distributing Co., 84 B.R. 864 (E.D.Pa.1988). See also 11 U.S.C. 345(a); H.R. Rep. No. 95-595, 95th Cong., 2d Sess. 331 (1977) (general policy of Bankruptcy Code is to separate bankruptcy court from involvement in estate administration), reprinted in 1978 U.S.C.C.A.N. 5787, 6287. Therefore, the bankruptcy court's approval of the trustee's motion to place the funds in a non-interest-bearing account was unnecessary because placement of the funds was entirely within the trustee's discretion. Although the court's approval was unnecessary, it cannot be characterized as an abuse of discretion, especially in light of the fact that the court was merely giving the trustee permission to take an action entirely within the trustee's discretion.
 
 
 4
 AFFIRMED.
 
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3